The Honorable V.O. "Butch" Calhoun State Representative P.O. Box 7 Des Arc, AR 72040-0007
Dear Representative Calhoun:
This is in response to your request for an opinion as to whether two city council members may meet with the mayor in an unplanned meeting, the purpose of which is to gather information as opposed to discussing possible courses of action.
I assume that this question is asked in light of the Arkansas Freedom of Information Act ("FOIA"), which is codified at A.C.A. §§ 25-19-101 to -107 (Repl. 1992 and Supp. 1993). It is my opinion that such a meeting would, generally, fall within the open meetings requirement of the FOIA. Notice of such a meeting would, therefore, in my opinion, be required in accordance with the act.
The FOIA clearly applies to meetings attended by less than a quorum of the governing body. See Mayor of El Dorado v. El Dorado BroadcastingCo., 260 Ark. 821, 544 S.W.2d 206 (1976). It is also clear that informal as well as formal meetings are covered. See A.C.A. § 25-19-106(a) (Repl. 1992).[1] While I am somewhat uncertain as to what is meant in your question by the term "unplanned meeting," I assume that this refers to an unscheduled, unofficial meeting. Such a meeting would, I believe, generally fall within the "informal" meetings provision.
With regard to the substance of the meeting, it has been stated by a recognized authority on the FOIA that "no official action need occur at a meeting to trigger the act." J. Watkins, The Arkansas Freedom ofInformation Act 232 (2d ed. 1994). Professor Watkins states, moreover, that "a governing body must hold a public meeting even if its purpose isto discuss proposals or gather information." Id. at 233 (emphasis added). Professor Watkins notes, in this regard, the following language from a prior Attorney General opinion:
 [T]he conduct of public business, for purposes of the Freedom of Information Act, does not consist merely of the final result reached by a public body, but rather is a spectrum including all phases of the process by which an end result is achieved, including deliberations, discussions, and information gathering. Accordingly, the Freedom of Information Act gives the public the right to observe the entire spectrum, not just selected parts.
Id. citing Op. Att'y Gen. 80-016 (copy enclosed).
I agree with the conclusions reached in this opinion, as well as with Professor Watkin's statement that the FOIA "reaches every step in the decision-making process. . . ." The Arkansas Freedom of Information Act,supra at 234. It is therefore my opinion that there is no distinction between information gathering and the discussion of governmental business when the governing body meets, regardless of the presence of a quorum.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:EAW/cyh
[1] Under this provision, "[e]xcept as otherwise specifically provided by law, all meetings, formal or informal, special or regular, of the governing bodies of all municipalities, counties, townships, and school districts and all boards, bureaus, commissions, or organizations of the State of Arkansas, except grand juries, supported wholly or in part by public funds or expending public funds, shall be public meetings."